IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Frederick F. Jeter, | ) | Case No. 8:14-cv-04798-RBH-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Larry Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 36.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on December 15, 2014.[1] [Doc. 1.] On June 22, 2015, Respondent filed a motion for summary judgment and a return and memorandum. [Docs. 36, 37.] On June 24, 2015, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 38.] Petitioner filed a response in opposition on August 3, 2015. [Doc. 46.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted.

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on December 15, 2014. [Doc. 1-4 at 1 (envelope marked as received by prison mailroom on December 15, 2014).]

## BACKGROUND

Petitioner is incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Spartanburg County. [Doc. 1 at 1.] Petitioner was indicted in October 2008 for distribution of cocaine base and/or crack cocaine.[2] [App. 249–50.[3]] On June 3, 2009, represented by Beverly Jones ("Jones"), Petitioner proceeded to trial. [App. 1–139.] At the conclusion of the trial, the jury returned a verdict of guilty. [App. 129–30.] Petitioner was sentenced to 28 years of imprisonment. [App. 136–37; Doc. 1 at 1.]

**Direct Appeal**

Petitioner appealed his conviction. M. Celia Robinson ("Robinson") of the South Carolina Commission on Indigent Defense filed an *Anders*[4] brief on Petitioner's behalf, dated August 30, 2010, in the South Carolina Court of Appeals, raising the following issues:

> 1. The trial judge erred in allowing in[to] evidence the unredacted audio recording of the phone call including the officer's comments referencing "crack."
>
> 2. The trial judge erred in admitting the drug evidence where the prosecution failed to establish, as far as practicable, a complete chain of custody.

---

[2]Respondent states in his motion for summary judgment that Petitioner was also indicted for two additional charges of distribution of crack cocaine and one charge of trafficking in crack cocaine [Doc. 37, n.1]; however, copies of these indictments have not been provided. It appears from the record that a separate trial was held for these charges which resulted in a mistrial. [*See* App. 134–35.]

[3]The Appendix can be found at Docket Entry Numbers 37-1 through 37-2.

[4]A brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

[Doc. 37-3 at 4.]  At the same time, Robsinson filed a petition to be relieved.  [*Id.* at 10.]

Petitioner filed a pro se brief, dated June 9, 2010, raising the following issues, quoted

substantially verbatim:

1. The trial judge erred in allowing in evidence the unredacted audio recording of the phone call including the officer's comments referencing "crack."

2. The trial judge erred in admitting the drug evidence where the prosecution failed to establish, as far as practicable, a complete chain of custody.

3. The trial judge erred in not instructing Mr. Jeter of his Constitutional right that he would give up by not testifying in his own behalf.

4. The trial judge improperly instructed the jury on reasonable doubt.

5. The trial judge erred in not ruling on Defendant's motion for a direct verdict after the state rests.

6. Obama seeks crack cocaine sentence changes Congress urged to equalize penalty, correct racial disparity charge begins now. Crack-ratio 2009 (New Law)

7. Did the court have proper jurisdiction vested to enter a conviction on the Defendant.

[Doc. 37-4.]  The South Carolina Court of Appeals dismissed the appeal and granted

Robinson's motion to be relieved on August 18, 2011.  [Doc. 37-5.]  Remittitur was issued

on September 6, 2011.  [Doc. 37-6.]

**PCR Application**

On November 2, 2011, Petitioner filed a pro se application for post-conviction relief

("PCR"), in which he alleged he was being held in custody unlawfully based on the following

grounds:

3

(a)    Ineffective Assistance of Trial Counsel

(b)    Due Process Violation,

[App. 143.] Petitioner stated in the supporting facts section that memoranda would be filed once an attorney was appointed. [*Id.*] Petitioner filed a motion to amend his PCR application, dated March 31, 2012, and included the following arguments, quoted substantially verbatim:

Ineffective Assistance of Counsel

1) Trial counsel was ineffective for failing to call evidence custodian to testify. Petitioner has the right to confront the accuser (Mr. Westmoreland evidence custodian).

2) Trial counsel was ineffective for not objecting or challenging Rule 6(B) certified or sworn statement from the states witness Mr. Westmoreland. The requirements for Rule 6(B) were not met. Therefore drug evidence should not have been allowed in without the state establishing a complete chain of custody. When a party offering drug evidence, a party <u>must</u> establish a complete chain of custody as far as practicable.

Where an analyzed substance has passed through several hands, the identity of individuals who acquired the evidence and what was done with the evidence between the taking and the analysis <u>must</u> not be left to conjecture. <u>Control number was not on chain of custody form, also no certified signature of custodian.</u>

The state could have taken a sworn statement from Mr. Westmoreland and produced the statement at trial under the procedures of Rule 6(B). And because the state did not produce a sworn statement, the chain of custody was defective. (See back)

3) Trial counsel was ineffective for failing to object to reasonable doubt instruction. Trial court when defining reasonable doubt for jury, should give no further instruction than that reasonable doubt "is the kind of doubt that would cause a reasonable person to act.["] Therefore the trial judge

4

confused the jury. Trial counsel was ineffective for not objecting.

4) Trial counsel was ineffective for not objecting and challenging the closely connected offenses as one offense: In determining the number of offenses for the purpose of imposition of sentences, the court shall treat as one offense any number of offense which have been committed at times so closely connected in point of time that they may be considered as one offense, not withstanding under the law they constitute separate and distinct offense.

The states witness Michael Foster (C.I.) was the same witness in my first distribution case dated 6-27-08, which ended in a mis-trial. Trial counsel should have objected and move to dismiss the other closely connected offenses dated 7-1-2008 and 7-8-2008 and also objecting to Michael Foster's (C.I.) testimony. If counsel would have objected at the beginning of my trial it would have changed the whole outcome of my trial.

5) Trial counsel was ineffective for not objecting and challenging the state for using photo line up from previous distribution case dated 6-27-2008. See Ex. 2.

6) Trial counsel was ineffective for not objecting to the showing of the video and not putting in a motion before the trial to suppress evidence due to illegal wiretap and surveillance. Michael Foster (C.I.) broke the law by wearing audio and video because there was no warrant for authorization of electronic surveillance. They also violated Petitioners due process and Constitutional rights for letting warrant and indictment be served on me, and also violated South Carolina code of law statute 17-30-70. This tants the warrant/indictment and outcome of the whole process. Trial counsel should have move[d] to dismiss the warrant/indictment because C.I. obtained the information illegally.

***

Under prosecutor's misconduct the solicitor should have move[d] to suppress evidence due to illegal wiretap and surveillance because Petitioners Constitutional rights has been violated.

5

7)    Trial counsel was ineffective for not objecting and challenging the unredacted audio and video recording as a whole under the statute 17-30-65 and 17-30-70, also the trial judge erred in allowing in evidence the unredacted audio recording of the phone call including the officers comments referencing "crack[."]  Trial counsel only objected to the 15 seconds at the beginning where narcotics officer Henry Beck places in the jury mind that he [is] going to have C.I. Michael Foster call the number and order up a quantity of "crack[."] facts state that at no point on the phone call is anything identified as crack.  In fact, the term "crack" is never used. Trial counsel pointed out the fact that Henry Beck was the only person that mentioned crack cocaine.  The C.I. never called the Petitioner and ordered up a quantity of crack cocaine. Also, Henry Beck confused and placed in the jury's mind that CI ordered "crack[."] . . .

In the particular case, even if the judge properly found that the officer's comment was relevant, the judge erred in admitting the unredacted audio recording of the phone call including the officer's comments referencing "crack[,"] was unfairly prejudicial to the defense.  Also playing audio in it's [e]ntirety.  Trial counsel was ineffective for not objecting to the unredacted audio and video being played in it's [e]ntirety as a whole under statu[te]s 17-30-65 and 17-30-70.  Trial counsel was in fact ineffective and trial judge abuse[d] his discretion and would have changed the whole outcome of Petitioners trial.

8)  Trial counsel was ineffective for not objecting to Rule (6), chain of custody based on the following: There are some issues that has not been resolved in this case that is not on video and would have changed the whole outcome of Petitioners trial.  Trial counsel should have move[d] to dismiss warrant and indictment.  Chain of custody is not established between CI Michael Foster, Officer Henry Beck an Paul Norris. Video does not show that the evidence actually was crack cocaine and was actually being put into evidence bag and sealed at that point.  P. Norris stated that he went to his vehicle to get the evidence bag and gave it to H. Beck. He place[d] the evidence into the evidence bag then I(P. Norris) place[d] the evidence bag on my car.  No one says anything about sealing the bag at this point.  Henry Beck said that he did not seal the bag immediately.  He takes the unsealed bag to his officer, weighs it, field test it and then seal it up.

6

There is evidence the evidence bag was not sealed after the CI gave H. Beck the alleged drugs. The evidence bag was also passed to P. Norris hands unsealed and then placed on the car unsealed. No body knows who pick[ed] the evidence bag up off the car next. The officers took no precautions against tampering. Just how long did the evidence bag remain unsealed or was there any drugs ever put in the bag? Video does not show.

The state has not established beyond a reasonable doubt the chain of custody or proven that nothing else has not been put into evidence bag or taken out of evidence bag or was the alleged drugs the same drugs that came from the Petitioner because it is fact that the evidence bag was not sealed immediately after allegedly putting drugs in evidence bag. Therefore such evidence should have been excluded from the jury for lack of proper identification as stated in Rogers v. Commonwealth . . . .

9)    Trial counsel was ineffective for not objecting to investigation and challenging the reliability, credibility and prior conviction of states witness CI Michael Foster before the trial for impeachment purposes under Rule 404 A [and] B[.]

Just because CI has given information in the past does not make him a reliable and credible witness. Reason why: 1. CI Michael Foster has been charged with giving false information to police officer in the past, (see rap sheet); 2. CI has been convicted of simple possession and possession of marijuana ; distribution of crack cocaine; burglary; grand larcen[y] (see rap sheet) 3. CI has been convicted of drug dealing in two . . . states, Georgia and South Carolina [(see rap sheet)] 4. CI was given a contract to sign with the Spartanburg Sheriff's Office stating that he will not get into any trouble or get any charges while working undercover for Sheriff's Office. CI has also broken contract, (see contract). Informant was and is involved in crimes of dishonesty, therefore CI Michael Foster is not a reliable and credible witness. . . .  These cases hold that an affidavit based upon information supplied by a confidential informant <u>must</u> describe some of the underlying circumstances from which the magistrate can determine the affiant-officer's unnamed informant was "credible" or his information "reliable[."] Affidavit was defective because affiant fail[ed] to give magistrate <u>all</u> underlying facts about CI Michael Foster before magistrate made his decision whether to sign

7

warrant which led to Petitioners arrest and, counsel was ineffective, for not objecting before and during trial, also for not objecting to crimes of dishonesty that CI has been involve in. Trial counsel was also ineffective for not objecting to the CI's testimony before trial because CI was not a reliable and credible witness. Trial counsel was also ineffective for not objecting o defective "bare bones" affidavit because affiant and affidavit fail to meet the requirements by not specifying the factual basis for the magistrate to form a decision regarding issuance; officers need to outline the factual basis for the search which led to my arrest. Also facts about the informant ie . . criminal history etc . . .

This two prong test- 1. In what capacity do officers know the informant; 2. And has the informant provided reliable information in the past? This in short, is the two prong test of informant reliability.

Officer Henry Beck in Petitioners case fail[ed] to give magistrate <u>all</u> underlying facts about the CI, a drug ser, drug dealer in two states, convicted felon. Also CI was motivated to assist law enforcement because he was trying to work off his pending charges and bench warrants.

[App. 149–65 (citations omitted).]  The State filed a return, dated July 13, 2012.  [App. 166–79.]

A hearing was held on November 9, 2012, at which Petitioner was represented by Suzanne White.  [App. 171–220.]  The PCR court filed an order denying and dismissing the PCR application with prejudice on December 27, 2012.  [App. 222–29.]  On January 24, 2014, Petitioner filed a pro se Rule 59(e) motion [App. 232–41] which the PCR court denied without considering Petitioner's substantive arguments because he was represented by counsel [App. 246–47].

8

A notice of appeal was timely filed. Lanelle Cantey Durant ("Durant") of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a *Johnson*[5] petition for writ of certiorari, dated September 10, 2013, in the Supreme Court of South Carolina asserting the following as the sole issue presented:

> Did the PCR court err in failing to find trial counsel ineffective for not thoroughly cross examining the confidential informant (CI) on his prior convictions?

[Doc. 37-7 at 3.] At the same time, Durant filed a petition to be relieved. [*Id.* at 8.] Petitioner filed a pro se brief, dated October 22, 2013, in which he raised the following issues, quoted substantially verbatim[6]:

| | |
|---|---|
| Argument 1. | Trial counsel was ineffective for failing to object to Jack Westmoreland not being able to testify as states witness, before and during trial. |
| Argument 2. | Trial counsel was ineffective for failing to object to allowing the jury to hear prejudice comment referencing "crack[,"] prior or during trial, when in fact, the term "crack" was never mentioned in the recorded conversation. |
| Argument 3. | Trial counsel was ineffective for failing to object to reasonable doubt instruction. |
| Argument 4. | Appella[nt] argues and seeks answers to why a certain allegation was inadvertently left out and not ruled on in Judges order of dismissal. |

---

[5]A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief. *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

[6]Petitioner's filing lists argument 4 before argument 3. [Doc. 37-8 at 3.] The Court has renumbered the arguments for clarity.

Argument 5.     Appellant argues whether PCR Judge Mark Hayes erred by not stating the findings of facts and conclusion of law to each and every allegation that the appella[nt] raised at the PCR hearing.

Argument 6.     Trial counsel was ineffective for failing to object and should have motion for drug evidence to be excluded from the jury for lack f proper identification.

Argument 7.     Trial counsel was ineffective for failing to raise all appella[nt]'s issues a PCR hearing.

Argument 8.     PCR counsel was ineffective for failing to "subpoena" all witnesses and documentation to the PCR hearing as requested and or motion for continuance.

Argument 9.     Trial counsel was ineffective for failing to object to CI's testimony to challenge credibility and reliability to impeach CI prior to trial.

Argument 10.     Trial counsel was ineffective for lack of preparation time for second trial.

Argument 11.     Trial judge erred in allowing audio portion of tape to be played in it's entirety.

Argument 12.     Trial counsel was ineffective for failing to object to the altered video being played prior to trial.

Argument 13.     Trial judge erred in admitting the drug evidence where the prosecution fail[ed] to establish, as far as practicable, a complete chain of custody.

[Doc. 37-8.]  The Supreme Court of South Carolina denied the petition and granted counsel's petition to withdraw on August 21, 2014 [Doc. 37-9] and remitted the matter to the lower court on September 8, 2014 [Doc. 27-10].

10

**Petition for Writ of Habeas Corpus**

As previously stated, Petitioner filed the Petition on December 15, 2014.  [Doc. 1.]

In his Petition, Petitioner raises the following grounds for relief, quoted substantially

verbatim[7]:

| | |
|---|---|
| **Ground One**: | The trial judge erred in allowing in evidence the unredacted audio recording of the phone call including the officer's comments referencing "crack"; |
| *Supporting Facts*: | The Judge allowed Henry Beck to mislead the jury before and during the trial by admitting and allowing audio recording to be played in it's entirety where the office's comment referencing "crack" was unfairly prejudicial to the defense. |
| **Ground Two**: | The trial judge erred in admitting the drug evidence where the prosecution failed to establish, as far as practicable, a complete chain of custody |
| *Supporting Facts*: | Officer Jack Westmoreland, the missing link in the trial and one of the named custodians for the drug package, did not testify so that there was no testimony or pa[r]ticipation as to how the package was handled while in his custody.  Appellant ha[s] the right to cross-examine and confront witness. Therefore the trial judge erred in allowing the evidence in the absence of a complete chain of custody. |
| **Ground Three**: | The trial judge erred in not instructing Mr. Jeter of his Constitutional rights that he would give up by not testifying in his own behalf |
| *Supporting Facts*: | Tr. Pg. 107 Lines 7–11 |

---

[7] Petitioner's claims have been renumbered and the headings have been omitted for clarity.

**Ground Four**:            The trial judge improperly instructed the
                           jury on reasonable doubt.

*Supporting Facts*:        Tr. Pg. 122 Lines 12–17.    The judge
                           fail[ed] to give the jury the definition of
                           reasonable doubt, or what is reasonable
                           doubt.

**Ground Five:**           Trial counsel was ineffective for failing to
                           object to Jack Westmoreland not being
                           able to testify as states witness, before
                           and during trial.

*Supporting Facts:*        Trial   counsel   fail[ed]   to   motion for
                           continuance based on his absence. There
                           was no participation at any time on behalf
                           of named custodian.   Custodian is the
                           missing link and appella[nt] has the right
                           to cross-examine and confront witness in
                           every stage of his trial.   S[u]rrogate
                           testimony    does    not    meet    the
                           Constitutional    requirements.
                           Requirements were not met.  Therefore
                           appella[nt']s due process rights w[ere]
                           violated.

**Ground Six:**            Trial counsel was ineffective for failing to
                           object to allowing the jury to hear
                           prejudice comment referencing "crack"
                           prior and during trial, when in fact the
                           term "crack" was never mentioned in the
                           recorded conversation.

*Supporting Facts*:        Trial  counsel  was  ineffective  for not
                           objecting before and during trial by
                           allowing audio recording to be played in
                           its entirety.  Recording and comment was
                           inadmissible and unfairly prejudicial to the
                           defense.   Requirements were not met
                           according to code of law 17-30-65; 17-30-
                           70; 17-30-75.

**Ground Seven:**          Appella[nt] argues and seek[s] answers to
                           why a certain allegation was inadvertently

left out and not ruled on in judges order of dismissal.

*Supporting Facts*:    The issue that was not ruled on or discussed was about a conversation at trial between the judge and appella[nt']s attorney that should not have taken place without appella[nt] being present according to Rule 16, appella[nt] ha[s] the right to be present and confront witness at every stage of trial. Therefore appella[nt']s due process rights were violated.

**Ground Eight:**    Trial counsel was ineffective for failing to object to reasonable doubt instruction.

*Supporting Facts*:    The trial judge confuse the jury and also shifted the burden of proof to the appella[nt] and counsel should have objected.

**Ground Nine**:    Appella[nt] argues whether PCR judge Mark Hayes erred by not stating the fact[s] of every allegation that the appella[nt] raise at the CR hearing.

*Supporting Facts*:    According to law and the judges order of dismissal, the judge did not state the findings of facts and conclusion of law to each and every allegation that the appella[nt] raised at the PCR hearing. Therefore, appella[nt']s due process has been violated.

**Ground Ten:**    Trial counsel was ineffective for failing to object and should have motion for drug evidence to be excluded from the jury for lack of proper identification.

*Supporting Facts*:    Officer Beck testified that he did not immediately seal the bag; then it went unseal and layed open on top of the car; then the video do[esn't] even observe him putting the drugs in the bag. Such

13

evidence should have been excluded for lack of identification. Evidence is inadmissible and violates appella[nt']s right to a fair trial.

**Ground Eleven:**             PCR counsel was ineffective for failing to raise all appella[nt's] issues at PCR hearing.

*Supporting Facts*:           Trial counsel refuse[d] to raise <u>all</u> allegations that were altered and amended to his original PCR application appella[nt] did not get a full bite of the apple at his PCR hearing because counsel failed to represent appella[nt] to his full potential.

**Ground Twelve:**             PCR counsel was ineffective for failing to "subpoena" all witnesses and documentation to the PCR hearing as requested and or motion for continuance.

*Supporting Facts*:           PCR counsel was ineffective and proved himself deficient because counsel did nothing the appella[nt] asked him to do on the cover letter to alter/amend original PCR application dated March 31, 2012. Appella[nt']s rights were violated and outcome of hearing an judges ruling would have been different[.] Appella[nt] was not given a fair trial.

**Ground Thirteen:**           Trial counsel was ineffective for failing to object to CI's testimony to challenge credibility and reliability to impeach CI prior to trial.

*Supporting Facts*:           Trial counsel should have inquired more deeply into the CI's past convictions such as the breaking of a signed contract with the Sheriff's Department; forgery; shop-lifting and lying to a police officer. CI is not a credible to demonstrate to the jury the unreliability and credibility of the CI, but fail to do so.

**Ground Fourteen:**     Trial counsel was ineffective for lack of preparation time for second trial.

*Supporting Facts*:     Trial counsel did not visit appella[nt] multiple times or properly effectively prepare for this particular trial like she did the first trial which ended in a mistrial. Counsel proved herself deficient and did not meet the two-prong test that is used in evaluating of ineffective assistance of counsel in Strickland v. Washington.

**Ground Fifteen:**     Trial judge erred in allowing audio portion of tape recording to be played in it's entirety. . . .

*Supporting Facts*:     Trial counsel objected before trial to the audio portion of the phone call and the trial judge agreed that the audio portion would not be admissible.

**Ground Sixteen:**     Trial counsel was ineffective for failing to object to the altered video being played prior to trial.

*Supporting Facts*:     In closing arguments counsel testified that the video has gaps and holes a lot of footage of the ceiling.  The video was altered and if counsel would have objected, the outcome would have produced different results. Appella[nt] was not given a fair trial.

**Ground Seventeen:**     Trial judge erred in admitting the drug evidence where the prosecution fail to establish as far as practicable, a complete chain of custody.

*Supporting Facts*:     Officer Jack Westmoreland, the missing link in the trial and one of the named custodians for the drug package, did not testify so that there was no testimony or participation as to how the package was handled while in his custody.  Appella[nt] ha[s] the right to cross-examine an

15

confront witness in every stage of trial.
Therefore, the trial judge erred in allowing
the evidence in the absence of a
complete chain of custody.

[Doc. 1.[8]]

As stated, on June 22, 2015, Respondent filed a motion for summary judgment.

[Doc. 36.]   On August 3, 2015, Petitioner filed a response in opposition.   [Doc. 46.]

Accordingly, Respondent's motion is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe

his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519,

520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon*

*v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).   Pro se pleadings are held to a less

stringent standard than those drafted by attorneys.   *Haines*, 404 U.S. at 520.  Even under

this less stringent standard, however, the pro se petition still may be subject to summary

dismissal.   *Id.* at 520–21.  The mandated liberal construction means only that if the court

can reasonably read the pleadings to state a valid claim on which the petitioner could

prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court

may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411,

417–18 (7th Cir. 1993).   Nor should a court "conjure up questions never squarely

presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[8]Petitioner appears to raise essentially the same issue in Grounds One and Fifteen
and in Grounds Two and Seventeen.   [*See* Doc. 1.]   Accordingly, the Court will address
only Grounds One and Two in the discussion section, infra.

16

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56© has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

> ***Generally***

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has

appropriately exhausted available state-court remedies or has otherwise bypassed seeking

relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and

provides as follows:

> (b)     (1) An application for a writ of habeas corpus on behalf
> of a person in custody pursuant to the judgment of a State
> court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies
> > available in the courts of the State; or
> >
> > (B)     (I) there is an absence of available State
> corrective process; or
> >
> > > (ii) circumstances exist that render such
> > > process ineffective to protect the rights of
> > > the applicant.
>
> (2) An application for a writ of habeas corpus may be
> denied on the merits, notwithstanding the failure of the
> applicant to exhaust the remedies available in the courts
> of the State.
>
> (3) A State shall not be deemed to have waived the
> exhaustion requirement or be estopped from reliance
> upon the requirement unless the State, through counsel,
> expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the
> remedies available in the courts of the State, within the
> meaning of this section, if he has the right under the law of the
> State to raise, by any available procedure, the question
> presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the

petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the

exhaustion requirement, a habeas petitioner must present his claims to the state's highest

court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the Supreme Court of South Carolina. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[9] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45(A).

---

[9]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168, 1173 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim. *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (reiterating that discretionary review by the Supreme Court of South Carolina is not required to exhaust available state court remedies: "[South Carolina] has identified the petition for discretionary review to [the Supreme Court of South Carolina] in criminal and post-conviction cases as *outside* South Carolina's standard review process. In [the Supreme Court of South Carolina's] 1990 order, th[e] Court stated that petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." (emphasis in original) (citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme

Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477

23

U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87.  In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply.  *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96.  A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel.  *Id.* at 487–89; *Reed*, 468 U.S. at 16.  Absent a showing of "cause," the court is not required to consider "actual prejudice."  *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995).  However,

24

if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default.  *Carrier*, 477 U.S. at 492.  To show actual prejudice, the petitioner must demonstrate more than plain error.  *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice.  To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent.  *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent").  Actual innocence is defined as factual innocence, not legal innocence.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  To meet this actual innocence standard, the petitioner's case must be truly extraordinary.  *Carrier*, 477 U.S. at 496.

## DISCUSSION

**Non-Cognizable Claims**

### *Grounds One and Two*

In Ground One, Petitioner alleges that the trial court erred in the admission of an audio recording at trial; in Ground Two, Petitioner contends that the trial judge erred in the admission of drug evidence without a proper chain of custody.  [Doc. 1 at 16.]  These grounds raise issues of state law, and "[i]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."  *Estelle*, 502 U.S. at 67-68 ("federal habeas corpus relief does not lie for errors of state law").  Moreover, federal courts must afford deference to a state court determination regarding evidence and procedure.  *Cf. Crane v. Ky.*, 476 U.S. 683, 690 (1986) ("we have never questioned the power of the States to exclude evidence through the application of evidentiary rules that themselves

serve the interests of fairness and reliability, even if the defendant would prefer to see that evidence admitted").  Even if the state court's admission of evidence was error under state law, it is well-established that "a state court's misapplication of its own law does not generally raise a constitutional claim.  The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."  *Smith v. Horn*, 120 F.3d 400, 414 (3d Cir. 1997) (citations omitted). Accordingly, federal habeas relief is unavailable with respect to Grounds One and Two.[10]

[10]Admissibility rulings will implicate federal habeas review only when the alleged error infringes upon a specific constitutional right or is so prejudicial that it amounts to the denial of due process.  *See Turner v. Armontrout*, 845 F.2d 165, 169 (8th Cir. 1988). Accordingly, the present issue is not whether the trial court erred in admitting the evidence, but whether the admission resulted in a trial so fundamentally unfair as to deny the Petitioner due process of law.  *Rainer v. Dep't of Corrections*, 914 F.2d 1067, 1072 (8th Cir. 1990).  The undersigned can find no such violation in the record of this case.

The exhibit at issue in Ground One is an unredacted audio recording referencing "crack."  With respect to the audio recording, Jones objected to two portions of the recording at trial; the State consented to omit part of the audio recording, and the trial judge admitted the rest of the recording.  [App. 10–12.]  The issue was raised in Petitioner's *Anders* brief and was affirmed by the South Carolina Court of Appeals.  [Docs. 37-3, 37-5.] Under South Carolina law, the decision to admit or exclude evidence is within the trial court's sound discretion, and its ruling will be not be disturbed unless an abuse of discretion is shown.  *State v. Tucker*, 462 S.E.2d 263, 265 (S.C. 1995).  Additionally, to warrant reversal, the defendant must show the erroneous admission resulted in prejudice. *State v. Thompson*, 409 S.E.2d 420, 424 (S.C. Ct. App.1991).  Here, Petitioner has presented no evidence demonstrating that the state court's admission of the recording amounts to a federal violation warranting federal habeas relief.  *See* 28 U.S.C. § 2254(e)(1) (Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence).

Regarding the admission of the drug evidence at issue in Ground Two, Jones stated that she did not consent to the admission of the evidence but did not object.  [App. 20–21, 105.]  This issue was presented in Petitioner's *Anders* brief and was affirmed by the South Carolina Court of Appeals.  [Docs. 27-2, 27-5.]  At trial, Henry Beck testified that he sealed the evidence bag and Ashley Harris ("Harris"), a sheriff's office lieutenant in the forensics department responsible for testing substances, stated that when she received the evidence bag it was sealed.  [App. 78, 97, 106.]  The Court is aware that Petitioner has alleged that his right to confrontation was violated because Jack Westmoreland was not present to testify regarding the chain of custody.  [Doc. 1 at 16.]  However, the confrontation clause is not invoked in this instance.  *United States v. Summers*, 666 F.3d 192, 200 (4th Cir.

### Grounds Seven and Nine

In Grounds Seven and Nine, Petitioner alleges the PCR court failed to rule on all issues raised at PCR and erred in failing to make findings of fact and conclusions of law with respect to all issues raised at PCR. [Doc. 1 at 18–19.] However, a "petitioner's scattershot claims of errors in the state habeas proceedings are not cognizable in this court." *Miller v. Johnson*, 2007 WL 1725617, at *14 (W.D. Va Jun. 12, 2007); *see Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998) ("[W]e agree with the district court that this claim, a challenge to Virginia's state habeas corpus proceedings, cannot provide a basis for federal habeas relief.") (citing *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors and irregularities in connection with state post-conviction proceedings are not cognizable on federal habeas review)). Accordingly, federal habeas relief is unavailable with respect to Grounds Seven and Nine.

### Grounds Eleven and Twelve

In Grounds Eleven[11] and Twelve, Petitioner raises claims of ineffective assistance of PCR counsel. [Doc. 1 at 19–20.] However, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground

---

2011) (holding that, with respect to the Confrontation Clause, the government is required to "provide live testimony if it deems evidence of certain 'steps in the chain of custody' to be crucial"). Thus, Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim amounts to a federal violation warranting federal habeas relief. *See* 28 U.S.C. § 2254(e)(1); *see also* Rule 6, South Carolina Rules of Criminal Procedure (rules governing proof of chain of custody); *State v. Williams*, 297 S.C. 290, 376 S.E.2d 773 (S.C.1989).

[11]In his supporting facts for Ground Eleven, Petitioner references trial counsel; however, because he alleges that trial counsel was deficient for failing to raise all issues "altered and amended to his original PCR application," the Court concludes that Petitioner is raising this claim with respect to only PCR counsel. [*See* Doc. 1 at 19.]

for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(I); *see also Martinez v. Ryan*,—U.S.—, 132 S.Ct. 1309, 1315, 1320 (2012) (stating that, "while § 2254(I) precludes [a petitioner] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop [a petitioner] from using it to establish 'cause'"). Accordingly, federal habeas relief is unavailable with respect to Grounds Eleven and Twelve.

### Procedurally Barred Claims

Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996). If the defense is raised, it is the petitioner's burden to raise cause and prejudice or actual innocence; if not raised by the petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Here, Respondent contends Grounds Three, Four, Eight, Ten, and Sixteen are procedurally barred. [Doc. 37 at 20–25.] The Court finds Grounds Three, Four, Eight, and Ten are procedurally defaulted and Ground Sixteen is not procedurally defaulted. Petitioner argues he can establish cause and actual prejudice for any procedurally barred claims under *Martinez*, 132 S.Ct. 1309. [Docs. 46 at 6; 46-1 at 25.]

#### *Grounds Three and Four*

In Ground Three, Petitioner argues that the trial court erred in his instruction to Petitioner on the rights he gave up by not testifying on his own behalf; in Ground Four, Petitioner alleges that the trial court erred in improperly instructing the jury on reasonable doubt. [Doc. 1 at 16–17.] These issues were raised in Petitioner's pro se direct appeal

brief, [Doc. 37-4] but no objections pertaining to either issue were made at trial[12] [App. 107–08 (colloquy regarding Petitioner's right to testify), 123 (jury charge on reasonable doubt)]. Under South Carolina law, "a party must make a contemporaneous objection that is ruled upon by the trial judge to preserve an issue for appellate review." *State v. Sheppard*, 706 S.E.2d 16, 19 (S.C. 2011); *see also Brown v. State*, 453 S.E.2d 251, 252 (S.C. 251, 252 (S.C. 1994) (holding "that a defendant not entitled to an in favorem vitea review may not raise for the first time on appeal the lack of a knowing and intelligent waiver of his right to address the jury"). Therefore, these grounds were not fairly presented to the Supreme Court of South Carolina; thus, these claims are procedurally barred from federal habeas review unless Petitioner has demonstrated (1) cause for the procedural default and actual prejudice resulting from the alleged constitutional violation or (2) that a fundamental miscarriage of justice has occurred. *See Coleman*, 501 U.S. at 750 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise not, then it is procedurally barred from federal habeas review); *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

### Grounds Eight, Ten, and Sixteen

Grounds Eight and Ten were raised to the PCR court but were not ruled upon in the order of dismissal; Petitioner raised these issues in his pro se appeal from the denial of his PCR application. [App. 151, 155–56; Doc. 37-8; *see* App. 222–29.] The Supreme Court of South Carolina has consistently reiterated the general rule that the PCR court must make specific findings of fact and conclusions of law for an issue to be preserved for

---

[12]Ground Four was also raised in Petitioner's PCR application but not in his pro se petition for writ of certiorari. [App. 149–65; Doc. 37-8.]

appellate review, and a Rule 59(e) motion must be filed if issues are not adequately addressed in order to preserve those issues for appellate review. *Marlar*, 653 S.E.2d at 267(citing *Pruitt v. State*, 423 S.E.2d 127, 128 n.2 (S.C. 1992)). Moreover, the PCR court rejected Petitioner's pro se Rule 59(e) motion because Petitioner was represented by counsel at PCR and at his appeal from the denial of PCR. [App. 246–47.] "It is well settled that a defendant does not have a Sixth Amendment right to 'hybrid' representation, meaning a defendant does not have a right to proceed partially pro se and partially with counsel." *Whelchel v. Bazzle*, 489 F.Supp.2d 523, 531 (D.S.C. 2006) (citing *McKaskle v. Wiggins*, 465 U.S. 168,183 (1984)). Additionally, the South Carolina Constitution does not provide a right to hybrid representation. *Id.* (citing *Foster v. State*, 379 S.E.2d 907, 907 (S.C. 1989)). Because these grounds were not fairly presented to the Supreme Court of South Carolina, in that they were not preserved by filing a proper Rule 59(e) motion, they are procedurally barred from federal habeas review absent a showing of cause and actual prejudice.[13] *See Coleman*, 501 U.S. 722; *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

### Cause and Prejudice

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule. *Carrier*, 477 U.S. at 488. *But see Martinez*, 132

---

[13]Respondent argues that Ground Sixteen is procedurally barred because it was not addressed in the PCR court's order of dismissal and was not raised in a properly filed Rule 59(e) motion. [Doc. 37 at 35.] However, the Court notes that some of Petitioner's claims have overlapping elements, and this issue was arguably addressed in the PCR court's order of dismissal. [App. 227.] Accordingly, the undersigned will consider the merits of this argument.

S. Ct. at 1315 ("Inadequate assistance of counsel at *initial-review* collateral proceedings *may* establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." (emphasis added)).  Here, as stated, Petitioner appears to argue he can establish cause for any procedurally barred claims of ineffective assistance of Jones under *Martinez*.

  In *Martinez*, the Supreme Court held,

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances.  The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial.  The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318.  Accordingly, Petitioner may establish cause for the defaulted grounds if he demonstrates that (1) his PCR counsel was ineffective and (2) the underlying ineffective assistance of trial counsel claim is a substantial one, i.e., it has some merit.

  As an initial matter, as explained supra, the Supreme Court's holding in *Martinez* applies only to ineffective assistance of counsel claims; in Grounds Three and Four, Petitioner alleges trial court errors with no underlying allegation of ineffective assistance of counsel.  [*See* Doc. 1 at 16–17.]  Therefore, Grounds Three and Four remain procedurally defaulted.

  With respect to Grounds Eight and Ten, Petitioner argues he can establish cause because his counsel at PCR was ineffective.  [Doc. 46 at 6.]  Respondent argues that

Petitioner cannot establish cause to excuse the procedural default because the these claims lack merit. [Doc. 26 at 27–28.] The Court agrees Petitioner has not established cause to overcome the procedural default with respect to Grounds Eight and Ten.

The Court will assume without deciding that Petitioner can show PCR counsel was ineffective for failing to raise Grounds Eight and Ten in a Rule 59(e) motion. Therefore, the Court will proceed to a discussion of whether Petitioner can demonstrate trial counsel was ineffective under the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).[14]

### *Ground Eight*

In Ground Eight, Petitioner alleges Jones was ineffective for failing to object to the trial court's reasonable doubt instruction. [Doc. 1 at 19.] Petitioner has failed to establish that Jones was ineffective under *Strickland*.

It is per se reversible error to give a constitutionally deficient reasonable doubt instruction. *Sullivan v. Louisiana*, 508 U.S. 275 (1993). The proper inquiry in reviewing a reasonable doubt instruction is whether there is a reasonable likelihood that the jury applied the reasonable doubt standard in an unconstitutional manner. *Victor v. Nebraska*, 511 U.S.

---

[14]In *Strickland*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. at 687. To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

1, 5 (1994).  Moreover, "[j]ury instructions must be viewed in their entirety and in context."

*U.S. v. Muse*, 92 F.3d 672, 677 (4th Cir. 1996).

Here, the trial court instructed the jury that

> The state is not required to prove guilt beyond all possible doubt.  Such a burden could never be met in anything.  The test is one of reasonable doubt.

> Proof beyond a reasonable doubt must be proof of such convincing character that you would be willing to rely and act upon it in the most important of your own affairs.  And if you have a reasonable doubt of the guilt of this defendant, it is of course your duty to resolve that doubt in his favor an acquit him.

> However, if your have no reasonable doubt of his guilt, you may find him guilty.  But no defendant should ever be convicted on mere suspicion, mere conjecture.

[App. 122–23.]  The trial court's instruction was proper.  *See U.S. v. Williams,* 125 F.3d 294, 298 (4th Cir. 1998) (holding that a jury instruction stating that it "was not necessary that the defendant's guilt be proven beyond all possible doubt" did not "improperly lesse[n] the government's burden of proof"); *U.S. v. Moss,* 756 F.2d 329, 334 (4th Cir. 1985) ("The reasonable doubt definition given in this case emphasized that the degree of proof required for conviction had to be of 'a convincing character' and that the jurors would have to be 'willing to rely upon it without hesitation' in their 'most important affairs.' This instruction appears neither misleading nor confusing."); *State v. Aleksey*, 538 S.E.2d 248, 252 (S.C. 2000) ("[The trial court] correctly defined proof beyond a reasonable doubt as 'proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.'").  Thus, the instruction was proper and Jones could not have been ineffective for failing to object.  Accordingly, Petitioner has not

demonstrated cause to excuse the procedural default.  *See Martinez*, 132 S.Ct. at 1318 (holding that a petitioner may establish cause for the default if he demonstrates his PCR counsel was ineffective and that *the underlying ineffective assistance of trial counsel claim* is a substantial one, i.e., it has some merit).

### Ground Ten

In Ground Ten, Petitioner asserts that Jones was ineffective for failing to object to the introduction of drug evidence without the proper identification.  [Doc. 1 at 19.]  The Court finds Petitioner has failed to establish cause to overcome the procedural bar.

"South Carolina case law provides that the chain of custody need be established only as far as is reasonably practicable and that each person who handled the evidence is not required to testify, but nevertheless stated that South Carolina courts have consistently held that all persons in the chain of custody must be identified and the manner of handling the evidence must be demonstrated."  *State v. Hatcher*, 708 S.E.2d 750, 753 (S.C. 2011) (internal quotation marks and citation omitted).  At trial, Jones objected, on Petitioner's behalf, to the admission of drug evidence because Petitioner believed there was an insufficient chain of custody; Jones stated that she believed that the chain of custody was sufficient.  [App. 21.]  At the PCR hearing, Jones stated that Henry Beck, an investigator with the Sheriff's Office, testified that he had sealed the evidence bag and Harris, the lieutenant in charge of the forensics lab, testified that the bag was sealed when she received it and it had not been tampered with.  [App. 65, 97, 206.]  Jones further stated that the trial court was aware of the missing link in the chain of custody and had looked at it. [App. 207.]  Jones testified that if the testimony pertaining to the drug evidence had "not matched up, the drugs would not have ever been placed into evidence."  [*Id.*]  Jones also

34

testified that she explained to Petitioner that it was not necessary to prove every element of the chain of custody; the chain must be proved only as far as practicable.  [App. 204.] Jones stated that "[Petitioner didn't want to understand things.  He didn't want to accept positions.  But he was provided with the information."[15]  [*Id.*]  Thus, Petitioner has failed to demonstrate that Jones's representation was ineffective, *see Strickland*, 466 U.S. at 689, and, Petitioner has failed to establish cause sufficient to overcome the procedural bar.

Accordingly, the Court finds that Grounds Three, Four, Eight, and Ten are procedurally barred.

**Merits of Remaining Claims**

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2).  The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief.  *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning.").  The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

---

[15]The PCR court founds Jones's testimony was more credible than Petitioner's testimony, and, with respect to Petitioner's allegations of ineffective assistance of counsel, Petitioner's testimony was not credible.  [App. 228.]  This determination if entitled to deference.  *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)) (for a federal habeas court to overturn a state court's credibility judgment, the state court's error must be stark and clear); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them").

>A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06.  On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407–08; *see also Richter*, 131 S.Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.").  Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners.  *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland*—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense

counsel's performance fell below *Strickland*'s standard." *Richter*, 131 S.Ct. at 785. "A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself." *Id.*; *see also  Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas").  Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent.  *Id.*

### *Ground Five*

In Ground Five, Petitioner argues Jones was ineffective in failing to object or move for a continuance because Jack Westmoreland ("Westmoreland") was unavailable to testify at trial.  [Doc. 1 at 18.]  The Court concludes Petitioner is not entitled to federal habeas corpus relief based upon this allegation.

Here, the PCR court addressed Jones's performance under the standard set forth in *Strickland*.  [App. 223–24.]  The PCR court found,

> that the Applicant failed to establish that had Counsel made any additional objections or even a motion for continuance based upon Westmoreland's absence that those objections or motions would have been granted by the trial court.  The Applicant has failed to establish that the outcome of his trial would have been different had Counsel made additional

motions or objections.   Therefore, this claim is denied and
dismissed.

*** 

Accordingly, this Court finds the Applicant has failed to
prove the first prong of the <u>Strickland</u> test - that Counsel failed
to render reasonably effective assistance under prevailing
professional norms.  The Applicant failed to present specific
and compelling evidence that Counsel committed wither errors
or omissions in her representation of the Applicant.

This Court also finds the Applicant has failed to prove
the second prong of <u>Strickland</u> - that he was prejudiced by
Counsel's performance.  This Court concludes that Applicant
has not met his burden of proving Counsel failed to render
reasonably effective assistance.  Therefore, this allegation is
denied.

[*Id.* at 227–28 (citation omitted).]   The PCR court's denial of Petitioner's ineffective

assistance claim was neither contrary to nor an unreasonable application of applicable

Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is

the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR

court confronted a set of facts that were materially indistinguishable from those considered

in a decision of the Supreme Court but arrived at a result different from the Supreme Court

precedent.   The PCR court concluded that Petitioner failed to establish that Jones's

representation fell below an objectively reasonable standard or any resulting prejudice.

[App. 228.]

The record supports the PCR court's determination.  At the PCR hearing, Jones

testified that she found out that Westmoreland, an evidence custodian, would not be

available to testify at trial on the day of trial.   [App. 203.]   Jones stated that, as she

understood it, Westmoreland took the bag containing the evidence from the drop box after

38

it was sealed, logged it, and then drove it to Harris.  [App. 217.]  Jones also testified that

she believed there was not a legal issue pertaining to the admission of the evidence and,

as previously discussed, that she would have objected if there had been any discrepancy

between the testimony of the other evidence custodians and she explained the law in this

area to Petitioner and "he [did]n't want to accept it.  [App. 205, 207.]  Thus, the PCR court's

decision was not contrary to or an unreasonable application of applicable Supreme Court

precedent.  *See Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance

requires that every effort be made to eliminate the distorting effects of hindsight, to

reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

conduct from counsel's perspective at the time. Because of the difficulties inherent in

making the evaluation, a court must indulge a strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance; that is, the defendant

must overcome the presumption that, under the circumstances, the challenged action

'might be considered sound trial strategy.' There are countless ways to provide effective

assistance in any given case.  Even the best criminal defense attorneys would not defend

a particular client in the same way."  (Internal citation omitted)).  Accordingly, Petitioner is

not entitled to habeas corpus relief on this ground.

### *Ground Six*

In Ground Six, Petitioner asserts that Jones was ineffective for failing to object,

before and after trial, to allowing the jury to hear a prejudicial comment referencing "crack"

when the term "crack" was not used during the recorded conversation with Petitioner. [Doc.

1 at 18.]  The Court concludes Petitioner is not entitled to federal habeas corpus relief

based upon this allegation.

Here, the PCR court addressed Jones's performance under the standard set forth in *Strickland*. [App. 223–24.] The PCR court found

> Regarding Applicant's allegations that Counsel failed to properly object to the introduction of the audio and video tape evidence during trial, this Court finds that this allegation lacks merit. This Court finds that the Applicant has failed to meet his burden of proof as to this claim. It is clear from the record and testimony that Counsel did object to items that were objectionable.

[*Id.* 227.] The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. The PCR court concluded that Petitioner failed to establish that Jones's representation fell below an objectively reasonable standard or any resulting prejudice. [App. 228.]

The record supports the PCR court's determination. At trial, Jones objected to the first 15 seconds of audio recording. [App. 10.] She stated that it was prejudicial to Petitioner because a narcotics officer, who stated before the phone call took place that the purpose of the phone call was to order "crack" from Petitioner, was the only person to refer to "crack"; at no point did Petitioner mention "crack." [*Id.*] The trial court played the video out of the presence of the jury and determined that it was not prejudicial, at least in part, because the narcotics officer was present at trial and Jones was able o question him about the recording. [App. 10–12.] Before the audio recording was admitted into evidence, Jones reiterated her objection. [App. 71.] Thus, Jones did object to portions of the

recording, and the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.  *See Strickland*, 466 U.S. at 689.  Accordingly, Petitioner is not entitled to habeas corpus relief on this ground.

### Ground Thirteen

In Ground Thirteen, Petitioner argues that Jones was ineffective for failing to object to the confidential informant's ("CI") testimony or challenge his credibility.  [Doc. 1 at 20.] Petitioner is not entitled to federal habeas corpus relief based upon this allegation.

Here, the PCR court addressed Jones's performance under the standard set forth in *Strickland*.  [App. 223–24.]  The PCR court found

> In regards to the Applicant's allegation that Counsel was deficient in her cross-examination of the CI, this Court finds that the Applicant has failed to meet his burden of proof.  The nature and scope of cross-examination if inherently a matter of trial tactics.  United States v. Nersesian, 824 F.2d 1294, 1321 (2nd Cir. 1997).  "[A] defendant has a 'burden of supplying sufficiently precise information,' of the evidence that would have been obtained had his counsel undertaken the desired investigation, and of showing 'whether such information . . . would have produced a different result.'"  United States v. Rodriguez, 53 F.3d 1439, 1449 (7th Cir. 1995).  The Applicant did not proffer any questions counsel failed to ask, and did not present any testimony showing the witnesses' answers at trial would have been different.  Accordingly, the Applicant as not shown that a different approach to cross-examination would have been beneficial to the defense.  This claim is dismissed.

[*Id.* 227.]  The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme

Court but arrived at a result different from the Supreme Court precedent. The PCR court concluded that Petitioner failed to establish that Jones's representation fell below an objectively reasonable standard or any resulting prejudice. [App. 228.]

The record supports the PCR court's determination. At the PCR hearing, Jones testified that the CI was involved in Petitioner's case at issue and a previous trial on some of Petitioner's other charges that ended in a mistrial. [App. 201–02] She stated that she filed a motion in both cases to gain access to the CI's documents; she was able to review the CI's identity, all of the other cases he was working on, his rap sheet, a copy of the CI agreement, and the "buy sheets for every buy that [the CI] had made." [App. 201.] Jones testified that she was not able to have copies of these documents but was able to make notes on them. [*Id.*] Jones stated that , at trial, she was able to allude to a bench warrant taken out on the CI that was lifted at the request of a narcotics officer. [App. 202.] Jones testified that ordinarily she would have received the CI's information 72 hours before trial; however, because it was the same CI in Petitioner's other trial, she was able to view the documents pertaining to the CI and review her notes for seven months before this trial. [App. 207–08.] Jones also stated that she spent a "a great deal of time . . . trying to figure out who the CI was so [Jones] could begin to gather whatever information [she] could get to cross-examine that person because [she] knew that person was so crucial." [App. 206.] Further, at trial, Jones questioned the CI regarding his previous criminal drug convictions and his pending charges for forgery and shoplifting. [App. 60–63.] Thus, the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent. *See Strickland*, 466 U.S. at 689. Accordingly, Petitioner is not entitled to habeas corpus relief on this ground.

42

### *Ground Fourteen*

In Ground Fourteen, Petitioner alleges that Jones was ineffective for failing to adequately prepare for trial. [Doc. 1 at 20.] Petitioner is not entitled to federal habeas corpus relief based upon this allegation.

Here, the PCR court addressed Jones's performance under the standard set forth in *Strickland.* [App. 223–24.] The PCR court found

> The Applicant's allegations that Counsel did not conduct an adequate pre-trial investigation or meet with him enough are without merit. Following testimony and review of the transcript, it is clear that Counsel had prepared extensively for Applicant's trial. The "brevity of time spent in consultation, without more, does not establish that counsel was ineffective." <u>Easter v. Estelle</u>, 609 F.2d 756, 759 (5th Cir. 1980). To establish counsel was inadequately prepared, an Applicnat must present evidence of what counsel could have discovered or what other defenses could have been pursued had counsel been more fully prepared. <u>Jackson v. State</u>, 329 S.C. 345, 495 S.E2d 768 (1998); <u>Skeen v. State</u>, 325 S.C. 210, 481 S.E.2d 129 (1997) (applicant not entitled to relief where no evidence prsented at PCR hearing to show how additional preparation would have had any possible effect on the result at trial). When claims of ineffective assistance of counsel are based on lack of preparation time, an Applicant challenging his conviction must also show specific prejudice resulting from counsel's alleged lack of time to prepare. <u>United States v. Cronic</u>, 466 U.S. 648, 104 S.Ct. 2039 (1984); <u>U.S. v. LaRouche</u>, 896 F.2d 815 (4th Cir. 1990). The Applicant failed to point to any specific matters Counsel failed to discover, or any defenses that could have been pursued had Counsel been more fully prepared. Furthermore, the Applicant failed to show any prejudice that may have resulted from Counsel's alleged inadequate preparation or lack of meetings. Accordingly, this allegation is dismissed.

[*Id.* 226–27.] The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court

precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.  The PCR court concluded that Petitioner failed to establish that Jones's representation fell below an objectively reasonable standard or any resulting prejudice.  [App. 228.]

The record supports the PCR court's determination.  At the PCR hearing, Petitioner testified that he met with Jones only twice for about ten minutes before he went to trial.  [App. 188–89.]  However, Jones testified that she met with Petitioner at least six time.  [App. 208.]  She was not able to detail how many of those meetings were devoted solely to the issues in this trial, as opposed to Petitioner's previous trial, but Jones stated that the early meetings "encompassed everything."  [App. 209.]  Jones testified that she believed the last few meetings were devoted to the trial at issue and that  they met for longer than the ten to fifteen minutes alleged by Petitioner.  [App. 200, 209.]  Jones also testified that she spent ample time preparing to cross-examine the CI.  [App. 202.]  As previously stated, the PCR court found Jones's testimony more credible than Petitioner and that finding is entitled to deference.  [App. 227] *see Cagle*, 520 F.3d at 324.  Moreover, Petitioner has failed to provide any evidence that Jones was deficient in her preparation of this case beyond his own conclusory statements.  *See Ross*, 759 F.2d at 365 (holding that conclusory allegations, without more, are insufficient to preclude granting the summary judgment motion).  Thus, the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.  *See Strickland*, 466 U.S. at 689.  Accordingly, Petitioner is not entitled to habeas corpus relief on this ground.

### *Ground Sixteen*

In Ground Sixteen, Petitioner alleges that Jones was ineffective for failing to object to the altered video being played at trial.  [Doc. 1 at 21.]  The Court concludes Petitioner is not entitled to federal habeas corpus relief based upon this allegation.

Here, the PCR court addressed Jones's performance under the standard set forth in *Strickland*.  [App. 223–24.]  The PCR court found

> Regarding Applicant's allegations that Counsel failed to properly object to the introduction of the audio and video tape evidence during trial, this Court finds that this allegation lack merit.  This Court finds that the Applicant has failed to meet his burden of proof as to this claim.  It is clear from the record and testimony that Counsel did object to items that were objectionable.

[*Id.* 227.]  The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.  The PCR court concluded that Petitioner failed to establish that Jones's representation fell below an objectively reasonable standard or any resulting prejudice.  [App. 228.]

The record supports the PCR court's determination.  At the PCR hearing, Jones testified that the video began in a parking lot, followed the CI through a few locations, showed the CI driving to the drop off location, and that the recording device was a "button hole camera" that the CI was wearing "in the chest area."  [App. 210–11.]  In Jones's closing statement at trial, she remarked that the recording device was "simple technology"

and showed "a lot of the ceiling." [App. 113.] Jones further stated that she discussed with Petitioner that video evidence would be admissible as long as someone was present to authenticate it and "say it's not been altered or changed." [App. 205.] At trial, the CI testified that he was wearing a video and audio recording device during his transaction with Petitioner and that he had worn a similar device numerous times, that it was in full working order, and that he had reviewed the video and it accurately depicted everything that happened between him and Petitioner. [App. 49–50.] Further, Petitioner has provided no evidence beyond his own conclusory allegations that the video recording was altered or had gaps. *See Ross*, 759 F.2d at 365 (holding that conclusory allegations, without more, are insufficient to preclude granting the summary judgment motion). Thus, the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent. *See Strickland*, 466 U.S. at 689. Accordingly, Petitioner is not entitled to habeas corpus relief on this ground.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

S/Jacquelyn D. Austin
_____
January 26, 2016                                   United States Magistrate Judge
Greenville, South Carolina

46