IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

FREDERICK F. JETER,              )        Civil Action No.: 8:14-cv-04798-RBH
                                 )
         Petitioner,             )
                                 )
v.                               )        **ORDER**
                                 )
LARRY CARTLEDGE,                 )
                                 )
         Respondent.             )
_____  )

Petitioner Frederick F. Jeter, an inmate with the South Carolina Department of Corrections proceeding *pro se,* brought this habeas corpus petition pursuant to 28 U.S.C. § 2254. [ECF #1]. In his petition, he raises seventeen grounds for habeas relief. [ECF #1].

Petitioner is currently incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections. [ECF #1].  Currently pending before this Court is Respondent's Motion for Summary Judgment [ECF #36] and the Report and Recommendation of Magistrate Judge Jacquelyn D. Austin. [ECF #50].  The Magistrate Judge recommended that summary judgment be granted in favor of Respondent on all grounds. [ECF #50].  Petitioner responded to Respondent's motion on August 3, 2015. [ECF #46].  Petitioner also timely filed objections to the Report and Recommendation on March 7, 2016. [ECF #56].

Petitioner was indicted in October of 2008 for distribution of crack cocaine. [ECF #37, p. 1].  He proceeded to trial and was ultimately found guilty. [ECF #37, p. 2].  He was sentenced on June 3, 2009 to twenty-eight (28) years confinement. [ECF #37, p. 2].  Petitioner then appealed his conviction to the South Carolina Court of Appeals by way of an *Anders* brief. [ECF #37, p.

1

3].[1]  The South Carolina Court of Appeals dismissed his appeal in a per curiam opinion. [ECF #37, pp. 3-4].  Petitioner then filed an application for post-conviction relief ("PCR"). [ECF #37, p. 4].  The PCR court dismissed the PCR application with prejudice on December 27, 2012. [ECF #37-2].  Petitioner filed a pro se Motion to Alter or Amend, pursuant to Rule 59(e), however this motion was denied on February 8, 2013. [ECF #37, p. 12].  Petitioner then appealed the denial of his post-conviction relief by way of a *Johnson* petition for Writ of Certiorari to the South Carolina Supreme Court, but this petition was denied. [ECF #37, p. 14].[2]  A more detailed procedural history and factual background is adequately set forth in the Report and Recommendation (the "R&R"). [ECF #50, pp. 2-16].  The Petitioner asserts seventeen grounds for relief, listed as follows as renumbered by the Magistrate Judge and quoted substantially verbatim:

**Ground One:** The trial judge erred in allowing in evidence of the unredacted audio recording of the phone call including the officer's comments referencing "crack."

**Ground Two:** The trial judge erred in admitting the drug evidence where the prosecution failed to establish, as far as practicable, a complete chain of custody.

**Ground Three:** The trial judge erred in not instructing Mr. Jeter of his Constitutional rights that he would give up by not testifying in his own behalf.

**Ground Four:** The trial judge improperly instructed the jury on reasonable doubt.

**Ground Five:** Trial counsel was ineffective for failing to object to Jack Westmoreland not being able to testify as state's witness, before and during trial.

**Ground Six:** Trial counsel was ineffective for failing to object to allowing the jury to hear

---

[1] *Anders v. California,* 386 U.S. 738 (1967).

[2] *Johnson v. State,* 364 S.E.2d 201 (S.C. 1988).

2

prejudice comment referencing "crack" prior and or during trial, when in fact the term "crack" was never mentioned in the recorded conversation.

**Ground Seven:** Appella[nt] argues and seek[s] answers to why a certain allegation was inadvertently left out and not ruled on in judge's order of dismissal.

**Ground Eight:** Trial counsel was ineffective for failing to object to reasonable doubt instruction.

**Ground Nine:** Appella[nt] argues whether PCR judge Mark Hayes erred by not stating the findings of fact and conclusion of law to each and every allegation that the appella[nt] raise[d] at the PCR hearing.

**Ground Ten:** Trial counsel was ineffective for failing to object and should have filed a motion for drug evidence to be excluded from the jury for lack of proper identification.

**Ground Eleven:** PCR counsel was ineffective for failing to raise all appella[nt's] issues at PCR hearing.

**Ground Twelve:** PCR counsel was ineffective for failing to "subpoena" all witnesses and documentation to the PCR hearing as requested and or motion for continuance.

**Ground Thirteen:** Trial counsel was ineffective for failing to object to CI's testimony to challenge credibility and reliability to impeach CI prior to trial.

**Ground Fourteen:** Trial counsel was ineffective for lack of preparation time for second trial.

**Ground Fifteen:** Trial judge erred in allowing audio portion of tape recording to be played in it's entirety.

**Ground Sixteen:** Trial counsel was ineffective for failing to object to the altered video being played prior to trial.

**Ground Seventeen:** Trial judge erred in admitting the drug evidence where the prosecution failed

3

to establish as far as practicable, a complete chain of custody.

As was previously addressed by the Magistrate Judge, Grounds One and Fifteen and Grounds Two and Seventeen raise essentially the same issues.[3]   Accordingly, in this Court's review of those Grounds, the Court will address those Grounds and related objections in the discussion section at the same time.   Petitioner brought this action pro se, which requires this Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This matter is now before the Court for disposition.

## Legal Standards of Review

### I.    Review of the Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.   28 U.S.C. § 636(b)(1).  The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*.  However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a

---

[3] Indeed, Petitioner notes in his petition beside Ground Fifteen (listed as Ground 11-PCR Issues) that it is also Direct Appeal Issue #1.  Likewise, beside Ground Seventeen (listed as Ground 12-PCR Issues), he noted that it is also Direct Appeal Issue #2.

4

specific error in the [M]agistrate's proposed findings and recommendations." *Id.*[4]

## II.    Summary Judgment Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Respondent moves for summary judgment and seeks dismissal of Petitioner's § 2254 petition arguing Petitioner is unable to satisfy the legal standard for the requested habeas relief. Petitioner set forth seventeen grounds for relief in his § 2254 petition, including allegations related to an alleged ineffective assistance of counsel, a violation of his constitutional right to testify, and

---

[4] This Court notes that along with Petitioner's written objections, he attaches an exhibit that contains type-written arguments, which he references as part of his objections.  A review of the record reveals that this is a copy of a brief Petitioner previously submitted to the PCR court and prepared in 2013. It was also attached as an exhibit to his response motion to summary judgment.  Thus, the argument contained within the type-written pages do not point to specific error with respect to the proposed findings and recommendations within the R&R.  Nonetheless, to the extent this exhibit points to specific error in the Magistrate Judge's R&R, this Court will consider these arguments, as well.  [ECF #37-8, pp. 2-15].

confront witnesses, and several allegations regarding the admission of evidence during trial and procedural issues during trial [ECF #1, pp. 16-21].  The motion requesting summary judgment in favor of Respondent is based on the following general arguments: (1) several of Petitioner's claimed grounds are procedurally barred; (2) Petitioner's claimed grounds related to ineffective assistance of counsel do not meet the requisite standard; and (3) several of Petitioner's claimed grounds are not cognizable for federal habeas review.

## III.    Federal Habeas Review under 28 U.S.C. § 2254

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, in considering Petitioner's claims, the Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d). *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998).   Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (explaining federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding").  As this Court will discuss below, some of Petitioner's claims were previously adjudicated on the

6

merits by South Carolina State courts. With this standard in mind, this Court considers the application of the relevant law to Petitioner's seventeen grounds for the requested relief.

<u>**Discussion**</u>

## I.    **Cognizability of Claims-Grounds One and Two**

Petitioner's first two grounds for relief (which are similarly set forth in Grounds Fifteen and Seventeen) allege the trial court erred in admitting certain pieces of evidence at trial; namely, portions of an audio recording and drug evidence without a proper chain of custody. [ECF #1, p. 16]. In the R&R, the Magistrate Judge recommended dismissal of these claims because federal courts do not have supervisory authority over state court determinations regarding state law questions. [ECF #50, pp. 25-26]. In his objections, Petitioner reiterates his argument raised to the PCR court that the audio recording was illegally obtained and unfairly prejudicial to his defense. [ECF #56, p. 2].[5] Petitioner objects to the recommendation of dismissal of his claim under Ground Two because he argues that pursuant to *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011), this evidence should not have been admitted due to an alleged chain of custody issue. Specifically, he argues that because one of the custodians (Jack Westmoreland) of the drug package in question did not testify, his right to confront witnesses was violated. [ECF #56, p. 3].[6] Petitioner also objects to the Magistrate Judge's recommendation regarding Ground Fifteen (regarding admissibility of the video evidence) because he argues his attorney should have objected

---

[5] The audio recording at issue is an unredacted portion of a recording where someone other than Petitioner references "crack." Petitioner's attorney objected to two portions of this recording at trial. The State consented to the omission of one part of the audio recording, and the trial judge admitted the rest of the recording at trial. [ECF #37-1, pp. 13-15; App. at 10-12]. This issue was raised in Petitioner's *Anders* brief, as well.

[6] Petitioner's attorney did not consent to the admission of the drug evidence at trial but also did not object. [ECF #37-1, pp. 23-24; 108; App. at 20-21, 105].

to the evidence coming in and the judge abused his discretion, thereby violating his right to a fair trial. [ECF #56]. Petitioner objects to the Magistrate Judge's recommendation with respect to Ground Seventeen by reiterating similar objections as those found in his objections with respect to Ground Two, with the addition of his belief that counsel should have moved for a continuance.[7]

Generally, claims arising from state law are not cognizable under 28 U.S.C. § 2254. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Thomas v. Davis*, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). Under 28 U.S.C. § 2254(e)(1), determinations of factual issues made by a State court are presumed correct, and Petitioner carries the burden of rebutting this presumption by clear and convincing evidence. Further, admissibility rulings will only implicate habeas review when the alleged error infringes upon a specific constitutional right or is so prejudicial that it amounts to the denial of due process. *See Barbe v. McBride*, 521 F.3d 443, 453 (4th Cir. 2008). In federal habeas actions, this Court does not review the admissibility of evidence under state law unless erroneous evidentiary rulings were "so extreme as to result in a denial of a constitutionally fair proceeding." *Burket v. Angelone*, 208 F.3d 172, 186 (4th Cir. 2000).

Here, the trial court considered the objection by defense counsel to the audio recording, but ultimately decided the majority of the recording was admissible. [ECF #37-1, p. 13; App. at 10]. The Court also admitted the drug evidence, as well. Petitioner has not provided this Court with any applicable legal authority suggesting that this inclusion of evidence infringed upon a specific constitutional right or was so prejudicial that he was denied due process.[8] Petitioner

---

[7] This is effectively the same ineffective assistance of counsel claim that this Court addresses with respect to Ground Ten in a later portion of this Order.

[8] Petitioner cites to a line of Supreme Court of South Carolina cases that analyze the issue of chain of custody and whether there was continuity of the chain of custody. *Benton v. Pullum*, 100 S.E.2d 534 (S.C. 1957). Later precedent provides that where there is evidence establishing the identity of the people handling evidence and the manner in which

makes a conclusory allegation that the audio recording was illegally obtained but does not otherwise provide any additional facts or applicable legal authority to support this assertion. [ECF #56, pp. 2, 12-13]. With respect to Petitioner's argument that the Confrontation Clause was violated, the Fourth Circuit has previously determined that establishing a strict chain of custody is not an iron-clad requirement, and the fact of a missing link does not preclude the admission of real evidence. *U.S. v. Summers*, 666 F.3d 192, 200 (4th Cir. 2011) (discussing *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011)).[9] Petitioner has not rebutted the presumption that this determination by the State court was incorrect.  Nor can this Court conclude that pursuant to AEDPA, these claims adjudicated in State court resulted in a decision that was contrary to or involved an unreasonable application of Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding. 28 U.S.C. § 2254. Accordingly, federal habeas relief is not cognizable for Grounds One and Two.  Similarly, because Petitioner raises essentially the same argument in Grounds Fifteen and Seventeen, respectively, federal habeas relief is also not cognizable for these claims, as well.

## II.    Cognizability of Claims-Grounds Seven and Nine

Petitioner alleges in Grounds Seven and Nine that the Post-conviction Relief (PCR) Court erred in failing to rule on all issues or otherwise make findings of fact and conclusions of law

---

it was handled, a weakness in the chain does not necessarily raise a question of admissibility. *State v. Taylor*, 598 S.E.2d 735, 737 (S.C. Ct. App. 2004).  In this case, the prosecutor elicited testimony at trial regarding the chain of custody of the drugs that suggested the evidence appeared to have been handled correctly in this case. [ECF #37-1, pp. 79-83; App. at 76-80].

[9]Further, the Fourth Circuit has found absent circumstances affecting fundamental fairness or infringing specific constitutional protections, admissibility of evidence does not present a federal question.  *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960).

with respect to the issues raised before it. The Magistrate Judge recommends summary judgment as to these grounds because habeas relief is not available in this case for claims of error in state habeas proceedings.  In his objections, Petitioner argues that he was not present at every stage of trial and that he asked his PCR counsel to file a 59(e) motion to preserve all issues in his PCR application, but that his PCR counsel did not respond. [ECF #56, p. 4; ECF #56-1, p. 8].[10]

In *Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998), the Court held that a challenge to a state's habeas corpus proceedings cannot provide a basis for federal habeas relief.  In so finding, it relied upon prior precedent holding that any errors or irregularities at the state post-conviction proceedings are not cognizable under federal habeas review. *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988). Here, Petitioner seeks to attack the state court habeas ruling based upon alleged errors contained within PCR's ruling.  However, prior precedent prevents federal habeas review under these grounds; accordingly, this Court finds the requested relief is not cognizable for Grounds Seven and Nine.

### III.    Cognizability of Claims-Grounds Eleven and Twelve

In Grounds Eleven and Twelve, Petitioner argues that his PCR counsel was ineffective at his PCR hearing.[11]  [ECF #1, p. 19].   However, as previously addressed in the R&R, the ineffectiveness of counsel  during federal or state collateral post-conviction proceedings does not provide a ground for relief in a proceeding arising under section 2254. 28 U.S.C. § 2254(i); *See also Rouse v. Lee*, 339 F.3d 238, 249 (4th Cir. 2003) ("[a]s further support for the proposition

---

[10]Petitioner makes related arguments in Grounds Eleven and Twelve  regarding the failure of PCR counsel to preserve issues for appellate review.  The Court will analyze these grounds separately in this Order.

[11]In the event that Grounds Seven or Nine could be construed as a claim of ineffective assistance of PCR counsel, these claims would also be precluded from review pursuant to 28 U.S.C. § 2254(i).

that attorney error is not an extraordinary circumstance, attorney error during habeas proceedings is not itself a ground for relief in a § 2254 proceeding.").  Within his objections, Petitioner simply reiterates that he wrote letters to his PCR counsel instructing him on how to proceed at the hearing, but he does not otherwise raise specific objections to the Magistrate Judge's recommendation of dismissal under the statute.  Therefore, as the Magistrate Judge recommended, this Court finds federal habeas relief is unavailable for Grounds Eleven[12] and Twelve.

## IV.    Procedurally Barred Claims-Grounds Three, Four, Eight, Ten, & Sixteen

The Magistrate Judge recommends dismissal of several of Petitioner's claims because they are procedurally barred.  In Ground Three, Petitioner states that the trial court erred in the instructions given to him regarding the rights he gave up by not testifying. [ECF #1, p. 16]. Petitioner alleges in Ground Four that the trial court improperly instructed the jury on reasonable doubt. [ECF #1, p. 17]. In Grounds Eight and Ten, Petitioner argues trial counsel was ineffective for failing to object to the reasonable doubt instruction and failing to object to drug evidence coming in at trial, or otherwise moving to exclude said evidence. [ECF #1, p. 19].  Finally, in Ground Sixteen, Petitioner argues trial counsel was ineffective for failing to object to altered video being played at trial. [ECF #1].

In order for a petitioner to seek relief pursuant to 28 U.S.C. § 2254, a petitioner must have presented his or her claim to the state's highest court with authority to decide the issue prior to

---

[12] Petitioner's claims in Ground Eleven center around his dissatisfaction with PCR Counsel for not raising certain ineffective assistance of counsel claims at the PCR hearing. Apparently PCR counsel made the decision to pursue only those claims that he felt might have merit at the PCR hearing. *See Strickland v. Washington*, 466 U.S. 668, 681 (1984) ("when counsel's strategy represents a reasonable choice . . . counsel need not investigate lines of defense that he has not chosen to employ at trial.").  To the extent Petitioner attempts to establish cause for default as to Ground Eleven pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), this Court finds Petitioner has not established or otherwise proven his PCR counsel was deficient for not raising the additional requested claims related to the alleged ineffective assistance of counsel.

requesting federal review of the claim. Similarly, Section 2254 also requires a petitioner to exhaust his state court remedies before filing in federal court. 28 U.S.C. § 2254(b)(1)(A); *See also Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (noting that before seeking federal habeas review of a claim, a petitioner ordinarily must raise the claim in state court by complying with state procedural rules and exhausting available state remedies). "[W]hen a habeas petitioner fails to exhaust state remedies for a claim, federal review is not available until the petitioner either returns to state court with the claim or demonstrates that such an attempt would be futile, in which case the claim is treated as procedurally defaulted." *Gray v. Zook*, 806 F.3d 783, 798 (4th Cir. 2015). To overcome a procedural default, a petitioner must demonstrate either (1) cause and resulting prejudice, or (2) that the failure to review the claim "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

The Magistrate Judge concludes that Grounds Three and Four were not fairly presented to the Supreme Court of South Carolina, thus, these two claims are procedurally barred. The claims made in Grounds Three and Four were raised by Petitioner in his *pro se* direct appeal, despite the fact that they were not objected to at trial. During the trial, the judge questioned Petitioner regarding his intention to testify at trial. [ECF #37-1, p. 110; App. at 107-08]. The judge questioned him regarding his decision not to testify, and the Petitioner informed the judge that it was his decision after being fully advised by his lawyer. [ECF #37-1, p. 110; App. at 107-08]. In his objections, Petitioner continues to assert that the judge erred in giving him instructions regarding his right not to testify but does not provide guidance as to any specific error or otherwise provide any additional legal support for this ground. With respect to Ground Four, failure to give the proper instruction on reasonable doubt, this issue was raised in Petitioner's PCR

application, but it was not raised in his *pro se* petition for writ of certiorari. [ECF #37-8].  Nor was the jury charge objected to at trial.

In his objections, Petitioner restates his claim without providing any specific response to the Magistrate Judge's recommendation of dismissal.  Thus, this Court finds that Petitioner has not made any specific objection to the Magistrate Judge's recommendation that these claims are procedurally barred.  Aside from the fact that Petitioner does not articulate a specific objection to Grounds Three and Four, these grounds were not fairly presented to the state's highest court. Having conducted a de novo review of the state court record, this Court finds concludes that Petitioner's Ground Three and Four claims are procedurally barred pursuant to 28 U.S.C. § 2254. Petitioner does not otherwise demonstrate under *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) why these claims are not subject to a procedural bar. Accordingly Grounds Three and Four are dismissed.

In Ground Eight, Petitioner alleges trial counsel failed to object to the jury instruction on reasonable doubt. [ECF #1, p. 17].  In Ground Ten, Petitioner alleges trial counsel was ineffective for failing to object to the introduction of drug evidence without proper identification.  [ECF #1, p. 17]. In Ground Sixteen, Petitioner alleges trial counsel was ineffective for failing to object to the playing of video evidence at trial. [ECF #1].  These issues were not ruled upon in the PCR court's Order of Dismissal, despite Petitioner having raised these issues in his *pro se* appeal from the denial of his PCR application. [ECF #37-8, App. at 151, 155-56; 222-29].  In South Carolina, PCR courts must make specific findings of fact and conclusions of law for an issue to be preserved for appellate review.  *Marlar v. State*, 653 S.E.2d 266, 267 (2007). A Rule 59(e) motions must be filed if the issues are not adequately addressed in order to preserve these issues

for appellate review. *Id.*

Here, Petitioner filed a *pro se* Rule 59(e) motion, apparently after alleging he requested his PCR Counsel file a 59(e) Motion. [ECF #56, p. 5-6]. The PCR court rejected the filing because he was represented by counsel at that time and the South Carolina courts do not recognize the right to "hybrid" representation. *Whelchel v. Bazzle*, 489 F. Supp. 2d 523, 531 (D.S.C. 2006). Thus, these claims were not fairly presented by way of a 59(e) motion to the Supreme Court of South Carolina and would be procedurally barred from federal habeas review, absent a showing of cause and actual prejudice under *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In *Martinez v. Ryan*, the United States Supreme Court established a "limited qualification" to the rule in *Coleman* and held inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315, 1319. The Supreme Court ruled as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320. The *Martinez* Court explained a "substantial" claim of ineffective assistance of counsel is one that has "some merit." *Id.* at 1318 ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."). A claim is insubstantial if "it does not have any merit or . . . is wholly without factual support, or . . . the attorney in the initial-review collateral proceeding did not perform below constitutional standards."

14

*Id.* at 1319.   The Fourth Circuit Court of Appeals has summarized the *Martinez* exception as follows:

> *Martinez* held that a federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the "cause" for default "consist[s] of there being no counsel or only ineffective counsel during the state collateral review proceeding"; (3) "the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim"; and (4) state law "requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding."

*Fowler v. Joyner*, 753 F.3d 446, 461 (4th Cir. 2014) (alteration in original) (quoting *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013)); *see also Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the *Martinez* test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective . . ., whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").   Further, to excuse the procedural default of these claims, he must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." *Sexton*, 679 F.3d at 1157; *see also Williams*, 529 U.S. at 391 (stating that "the *Strickland* test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims").   Thus, in this case, under *Martinez*, Petitioner may establish cause for default by demonstrating that (1) his PCR counsel was ineffective; and (2) the underlying ineffective assistance of trial counsel claim has some merit. *Martinez,* 132 S. Ct. at 1318.

15

The Magistrate Judge recommends dismissal of Ground Eight because Petitioner cannot establish the proper grounds under *Martinez* because upon her review of the jury instruction and applicable law, counsel was not ineffective as the instruction was proper.  This Court has reviewed the trial court's jury instructions. [ECF #37-1, pp. 125-26; App. at 122-23].  Petitioner's objection to the instruction is that the judge failed to give the definition of reasonable doubt to the jury. [ECF #56, p. 5].  This Court finds that the jury instruction was proper, and that Petitioner's assertion is without merit.  Accordingly, Petitioner has not demonstrated cause to excuse procedural default.  *See Martinez*, 132 S.Ct. at 1318.  Thus, this Court finds Ground Eight is procedurally barred.

The Magistrate Judge also recommends dismissing Ground Ten because the chain of custody as to the drug evidence was proper; thus counsel was not ineffective for failing to attempt to exclude the evidence.  At trial, Petitioner's counsel objected to the admission of the drug evidence on Petitioner's behalf, even though she believed the chain of custody was sufficient. [ECF #37-1; App. at 21].  Over objection, the trial judge allowed drug evidence in at trial, and a witness testified to the chain of custody of the drug evidence. [ECF #37-1; App. at 65, 97, 206]. Petitioner continues to assert there was some problem with the chain of custody, despite legal precedent to the contrary.  Thus, there are no viable grounds to find Petitioner has established cause under *Martinez* under these facts. Accordingly, Ground Ten is procedurally barred.

Ground Sixteen will be addressed in the final section in this Order, as it was analyzed in the PCR Order of Dismissal.

16

**V. Remaining Claims**

**A. Ground Five-Ineffective Assistance of Counsel**

Petitioner alleges that trial counsel was ineffective in failing to object or move for a continuance upon learning that Jack Westmoreland was unavailable to testify at trial. [ECF #1, p. 18]. The Magistrate Judge considered this claim on the merits and concludes that the PCR courts's analysis of trial counsel's performance was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. *See* 28 U.S.C. § 2254 (d)(1). In conducting its analysis, the Magistrate Judge recommends that trial counsel properly applied *Strickland v. Washington*, 466 U.S. 668 (1984) to Petitioner's claims. [ECF #50, pp. 37-39]. In his objections, Petitioner again reiterates his claim that trial counsel "should have objected during trial and or before trial and move for continuance." [ECF #56, p. 9]. He also argues that the failure of this witness to testify violates his rights under the Sixth Amendment. [ECF #56, p. 8]. He does not otherwise provide any specific objection to the Magistrate Judge's recommendation that the PCR court properly analyzed trial counsel's performance. Nonetheless, this Court will conduct a de novo review of Petitioner's claim.

In order to achieve reversal of his conviction based on a claim of ineffective assistance of counsel, Petitioner must prove both of the following: (1) trial counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) trial counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In analyzing an ineffective assistance of counsel claim, the proper standard to judge counsel's performance under the first prong of *Strickland v. Washington* is that of "reasonably effective assistance." *Id.* at 687. The strong presumption is that counsel rendered

adequate assistance and made all significant decisions in the exercise of "reasonable professional judgment." *Id.* at 690; *see also Mazzell v. Evatt*, 88 F.3d 263, 266 (4th Cir. 1996) (stating a defendant must show that counsel's performance "fell below an objective standard of reasonableness."). In proving the second prong, Petitioner must show that any deficiencies in counsel's performance were sufficiently prejudicial to the defense. *Strickland*, 466 at 693; *see also Evans v. Smith*, 220 F.3d 306, 317 (4th Cir. 2000) (explaining the court must determine whether there is a reasonable probability, that but for counsel's errors, the result would have been different). The question is thus whether, absent errors by counsel, the fact finder would have a reasonable doubt respecting guilt. *Strickland*, 466 U.S. at 694.

At the state PCR hearing, trial counsel testified that she found out Mr. Westmoreland, an evidence custodian, would be unavailable to testify on the day of trial. [ECF #37-2, p. 45; App. at 203]. Trial counsel then testified that she explained to her client the relevant case law and that it is unnecessary to prove every element of the chain of custody, but rather prove it "as far as practicable" to eliminate the possibility of tampering. [ECF #37-2, p. 46; App. at 204]. According to trial counsel, Mr. Westmoreland took the bag containing the evidence (drugs) from the drop box after it had been sealed, logged it, and then drove it to Lieutenant Harris. [ECF #37-2, p. 59; App. at 217]. In reviewing the evidence, trial counsel did not believe there was a legal issue regarding the drug evidence. [ECF #37-2, 49; App. at 207]. Trial counsel testified that her client would not accept the law as explained to him, thus she objected on his behalf. [ECF #37-2, p. 47; App. at 205]. Further the prosecution elicited testimony at trial from the confidential informant, the case investigator, and the lab technician regarding the chain of custody. [ECF #37, p. 27]. Under these circumstances, it was objectively reasonable for trial counsel to decide not to

18

move for a continuance upon learning Mr. Westmoreland was unavailable for trial. Trial counsel was not constitutionally deficient in her assessment of the necessity of Mr. Westmoreland's testimony. Further, Petitioner has not established prejudice in this case based upon the failure to move for a continuance in this case, as other witnesses testified to the chain of custody. Petitioner thus cannot prove there is a reasonable probability that the outcome of the trial would have been different if trial counsel had moved for continuance based on Mr. Westmoreland's absence. This Court finds that Petitioner's claim that trial counsel was deficient lacks merit. Further, after a review of the PCR court's decision [ECF #37-2, p. 64; App. at 222], this Court finds that the PCR court's decision that trial counsel was not deficient is not contrary to or an unreasonable application of *Strickland v. Washington*. Accordingly, Petitioner is not entitled to habeas relief on this ground.

## B. Ground Six-Ineffective Assistance of Counsel

Petitioner also alleges his trial counsel was ineffective by failing to object before or after trial to the jury hearing a recorded conversation in which the comment "crack" was mentioned. [ECF #1, p. 18]. The Magistrate Judge recommends dismissal of this claim because she concludes the PCR court adequately addressed trial counsel's performance under *Strickland* and the decision was not contrary to or an unreasonable application of that law. [ECF #50, p. 40]. In his objections, Petitioner argues, as he has in his previous appeals, that the admission of this evidence into trial is a violation of his Fourth Amendment rights. [ECF #56, p. 10]. He further argues his trial counsel was ineffective for failing to explain to him the applicable law on wiretapping. [ECF #56-1, p. 3]. Otherwise, Petitioner does not provide any specific objection to the Magistrate Judge's recommendation that the PCR court adequately addressed trial counsel's performance under

19

*Strickland*.   Nonetheless, this Court will conduct a de novo review of Petitioner's claim under Ground Six.

At Petitioner's trial, his trial counsel objected to the admissibility of a portion of the audio recording. [ECF #37-1, p. 13; App. at 10]. Specifically, she argued that the reference to "crack" was prejudicial to her client.  [ECF #37-1, p. 13; App. at 10]. The trial judge agreed to "take the last part off" of the recording, but upon hearing from both sides regarding the admissibility of the remainder of the recording, he allowed the recording into evidence.  [ECF #37-1, p. 13-15; App. at 10-12]   Trial counsel reiterated her objection prior to the time that the jury heard the audio recording.  [ECF #37-1, p. 74; App. at 71] At the PCR hearing, trial counsel testified that she discussed with Petitioner the issue regarding surveillance videos and how they were admissible at trial as long as someone could authenticate the evidence. [ECF #37-2, p. 47; App. at 205]. This Court finds that trial counsel did object and attempt to keep out evidence her client felt would prejudice his case.  The PCR court analyzed trial counsel's testimony and found her more credible than Petitioner regarding the conversation she had with Petitioner. [ECF #37-2, p. 68; App. at 226]. Thus, trial counsel was objectively reasonable in her methods of handling the admissibility of this recording, and her representation of Petitioner in this regard was not constitutionally deficient.  Petitioner has not alleged any facts to establish prejudice, particularly since the trial judge ultimately determined what portions of the recording would be admitted.  As a result, Petitioner cannot prove there is a reasonable probably that the outcome of the trial would have been different if trial counsel had objected to the entirety of the recording or taken any other steps to eliminate the admission of this evidence.  Accordingly, the PCR court's decision that trial counsel was not deficient is not contrary to or an unreasonable application of *Strickland v.*

*Washington*. Petitioner is not entitled to habeas relief on this ground.

## C. Ground Thirteen-Ineffective Assistance of Counsel

Petitioner argues that trial counsel was ineffective for failing to object to the confidential informant's testimony or challenge the confidential informant's (the "CI") credibility. [ECF #1, p. 20]. The Magistrate Judge recommends dismissal of this stated ground because the PCR court adequately addressed counsel's conduct under *Strickland v. Washington* and found Petitioner did not establish trial counsel's representation met the standard for ineffective assistance of counsel. In his objections, Petitioner argues that trial counsel did not "challenge the credibility of the CI to the best of her ability" because she did not ask him questions that "needed to be answered." [ECF #56, pp. 10-11]. He further objects because he believes trial counsel knew the CI was breaking the law by wearing a recording device and that, without the information provided by the CI, the results of the trial would have been different. [ECF #56, p. 11].

Petitioner's trial counsel represented him at both his first trial, resulting in a mistrial, and his second trial, where he was found guilty. At the PCR hearing, trial counsel testified that the CI was involved in Petitioner's case in the first trial, and she filed a motion in both cases to obtain access to the CI's documents. [ECF #37-2, p. 43; App. at 201]. Regarding the CI's credibility, trial counsel further testified that at trial, she alluded to a bench warrant taken out on the CI that was lifted upon request of a narcotics officer. [ECF #37-2, p. 44; App. at 202]. Further, trial counsel testified that in this case she was able to view the documents pertaining to the CI much earlier than she ordinarily would expect because it was the same CI as in the last trial. [ECF #37-2, p. 50-51; App. at 207-08]. After receiving all of this information, trial counsel testified that not only did she spend a substantial amount of time trying to figure out the CI's

21

identity for purposes of cross-examination, but upon cross-examination she questioned him regarding his previous drug convictions and pending charges for forgery and shoplifting. [ECF #37-1, p. 63-66; App. at 60-63].   After reviewing the record, it appears that trial counsel's opinion about the admissibility of CI's testimony and her approach to handling the CI on cross-examination was objectively reasonable.   Trial counsel was not constitutionally deficient in the manner in which she prepared for this witness's testimony. Despite Petitioner's belief that the CI's testimony was inadmissible, Petitioner has not established prejudice in this case based on his attorney's decision not to object to portions of this witness's testimony or her cross-examination of this witness, particularly in light of trial counsel's testimony that she did attempt to question the CI's credibility at trial and she had previously advised Petitioner regarding the admissibility of the evidence.   As a result, Petitioner cannot prove there is a reasonable probability that the outcome of his trial would have been different. This Court finds that the PCR court's determination that trial counsel was not deficient is not contrary to or an unreasonable application of *Strickland v. Washington*. Accordingly, Petitioner is not entitled to habeas relief on this ground.

**D. Ground Fourteen-Ineffective Assistance of Counsel**

Petitioner's Fourteenth Ground alleges that trial counsel was ineffective for failing to adequately prepare for trial. [ECF #1, p. 20].  The Magistrate Court recommends dismissal of this Ground after finding that the PCR court adequately addressed trial counsel's trial preparation under *Strickland v. Washington*.  In his objections, Plaintiff essentially argues that because his first trial ended in a mistrial, but his second trial did not, trial counsel must have been deficient in her preparation. [ECF #56, p. 12].

Petitioner testified at the PCR hearing that he met with trial counsel two times for about

22

ten minutes before he went to trial. [ECF #37-2, p. 31-32; App. at 188-89]. Conversely, trial counsel testified that she met with Petitioner at least six times, though she was unable to determine which meetings were devoted solely to the second trial. [ECF #37-2, p. 50-51; App. at 208-209]. However, trial counsel testified that the early meetings encompassed everything and that the last few meetings deal specifically with a video that was related to the second trial. [ECF #37-2, p. 51; App. at 209]. Trial counsel further testified that she spent ample time preparing for her cross-examination of the CI. [ECF #37-2, pp. 43-44; App. at 201-202]. The PCR court determined that trial counsel's testimony on this matter was more credible than Petitioner. [ECF #37-2, p. 68; App. at 226]. Further, brevity of time spent preparing for trial by itself does not establish counsel was ineffective. *Easter v. Estelle*, 609 F.2d 756, 759 (5th Cir. 1980).

This Court finds that Petitioner has not adequately established his trial counsel was deficient in preparing for his second trial. Beyond his own belief that the jury conviction in the second trial "speaks for itself," Petitioner has not brought forth any evidence suggesting trial counsel did not adequately prepare or meet with him prior to trial. In fact, trial counsel had represented him for an extended period of time and her testimony regarding her communications with client and preparation for trial reveal trial counsel were adequate. Trial counsel was not constitutionally deficient in preparing for Petitioner's second trial. Petitioner has not established prejudice in this case based on his counsel's preparation for trial. To the extent that he alludes to the fact that the outcome of the second trial proves anything regarding his trial counsel's preparedness, this Court does not agree. Plaintiff does not point to anything in particular trial counsel could have done to prove there was a reasonable probability the outcome of the trial would have been different but for her alleged faulty preparation. Thus, this Court finds that the

23

PCR court's decision that trial counsel was not unprepared is not contrary to or an unreasonable application of *Strickland v. Washington*. Accordingly, Petitioner is not entitled to habeas relief on this ground.

**E. Ground Sixteen-Ineffective Assistance of Counsel**

Petitioner alleges that trial counsel was ineffective for failing to object to an altered video played at trial. [ECF #1, p. 21]. Upon review, the Magistrate Judge recommends dismissal of this claim because the PCR court adequately addressed trial counsel's performance under the appropriate standard of review. In his objections, Plaintiff argues that if trial counsel would have objected to the admissibility of the video, the trial outcome would have been different. [ECF #56, p. 13-14]. His basis for arguing trial counsel should have objected is that the use of any device to intercept conversations is inadmissible at trial. [ECF #56, p. 13].

At the PCR hearing, trial counsel testified that she explained to Petitioner that video evidence such as the evidence produced in this case, would be admissible as long as someone could authenticate the video and "say it's not been altered or changed." [ECF # 37-2, pp. 47-48; App. at 205-06]. Trial counsel testified that these conversations occurred before she ever even got the tapes. [ECF # 37-2, p. 48; App. at 206]. Petitioner simply refuses to accept the fact that his assertion that the videotape is illegal evidence is unsupported by the law. Further, his allegation that the tape is "altered" is not supported by the evidence. Consequently, at trial, the CI testified that he wore the recording device during the transaction, that he had worn a similar device before, that it was working properly, and that he reviewed the video and it accurately depicted the interaction between him and Petitioner. [ECF #37-1, pp. 52-53; App. at 49-50]. At trial, trial counsel remarked in closing that much of the video showed the ceiling and that it was

24

"simplistic technology" apparently in an effort to downplay the weight of this evidence. [ECF #37-1, p. 116; App. at 113].

It appears from the record that trial counsel was objectively reasonable in her efforts to mitigate the damage of this evidence at trial.  This Court finds that Petitioner has not adequately established his trial counsel was constitutionally deficient with respect to the alleged altered video evidence being introduced at trial.  Beyond his own belief that the video was altered, Petitioner has not brought forth any evidence suggesting trial counsel was otherwise deficient for failing to object to the video's admission into evidence. Further, Petitioner has not alleged any facts suggesting he was prejudiced due to trial counsel's failure to object to this video evidence, nor has he proven there is a reasonable probability that but for the admission of this evidence, the outcome of the trial would have been different.  Thus, this Court finds that the PCR court's decision that trial counsel was not deficient in this regard is not contrary to or an unreasonable application of *Strickland v. Washington*. Accordingly, Petitioner is not entitled to habeas relief on this ground.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right.

*Slack*, 529 U.S. at 484-85. In this case, the Court concludes that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

After reviewing the entire record, and for the reasons stated above and by the Magistrate Judge in the Report and Recommendation, this Court overrules Petitioner's objections [ECF #56] and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. [ECF #50].

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment [ECF #36] is **GRANTED**, and Petitioner's habeas petition [ECF #1] is **DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Florence, South Carolina
March 28, 2016

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge